## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| 1) STEADFAST INSURANCE COMPANY, )<br><br>Plaintiff, )<br><br>VS. )<br><br>1) MEDINA HOMES LLC, AND )<br>2) CRYSTAL SPROWL, individually )<br>and as parent and next friend of )<br>E.S., a minor, )<br><br>Defendants. ) | CASE NO.<br><br>**JURY TRIAL DEMANDED** |

## COMPLAINT FOR DECLARATORY JUDGMENT

**COMES NOW** Steadfast Insurance Company, Plaintiff for its Complaint seeking a declaratory judgment of this Court under 28 U.S.C. § 2201, to determine a controversy as to the rights and obligations of the parties hereto under a certain policy of insurance issued by Plaintiff to Defendant Medina Homes LLC, and subject to amendment at the conclusion of all pretrial discovery, does allege and state as follows, to wit:

### JURISDICTION

1. Plaintiff Steadfast Insurance Company (hereinafter "Steadfast") is an Illinois corporation engaged in the insurance business with a statutory home office located at 1299 Zurich Way, Schaumburg, Illinois 60196, and its principal place of business located at 1299 Zurich Way, Schaumburg, Illinois 60196. Steadfast operates as a non-admitted surplus lines insurer in Oklahoma.

2.      Defendant Medina Homes LLC ("Medina Homes") is a limited liability company created under the laws of the State of Oklahoma as to which, upon information and belief, Amine El Mesnaoui is the sole member.

3.      Upon information and belief, Amine El Mesnaoui resides in and is domiciled in Oklahoma, so he is a citizen of Oklahoma.

4.      Defendant Crystal Sprowl has asserted claims against Medina Homes individually and as parent and next friend of E.S., a minor. Ms. Sprowl and E.S. are domiciled within the State of Oklahoma, such that they are citizens of the State of Oklahoma.

5.      This lawsuit concerns whether coverage is afforded under a certain policy of insurance issued by Steadfast to Medina Homes, which had a liability coverage limit in excess of $75,000.00 for covered claims, for claims against Medina Homes asserted in a lawsuit pending in the District Court of Oklahoma County, Oklahoma seeking damages in excess of $75,000.00, by reason of which the amount in controversy in this lawsuit exceeds $75,000.00, exclusive of interest and costs.

6.      Therefore, by virtue of the complete diversity of the citizenship of the parties to this action and the sufficiency of the amount in controversy, this Court is vested with jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(a)(1).

**VENUE**

7.      Steadfast brings this lawsuit seeking a declaratory judgment to determine its rights and obligations, if any, under a certain policy of insurance issued by Steadfast to Medina Homes in Edmond, Oklahoma County, Oklahoma, in relation to the claims asserted

against Medina Homes for bodily injury allegedly arising out of a dog bite in Oklahoma City, Oklahoma County, Oklahoma.

8.    Because a substantial part of the events giving rise to the claims at issue in this lawsuit occurred in Oklahoma County, Oklahoma, which is one of the counties of which the Western District of Oklahoma is comprised, venue is properly laid in this Court under 28 U.S.C. § 1391(b)(2).

**FACTS**

9.    Steadfast issued Commercial Insurance Policy numbered CPO563951902 (the "Policy") to Medina Homes, as named insured, for the policy period from May 25, 2023 through May 25, 2024, a true and correct copy of which insurance contract is attached hereto as **Exhibit 1**, which included commercial general liability insurance coverage with a per occurrence limit of $1 million, a designated location aggregate limit of $2 million, and a total policy aggregate limit of $10 million, subject to the terms and conditions thereof.

10.    The Policy was a renewal of two previous Commercial Insurance Policies, numbered CPO563951901, for the policy period of May 25, 2022 to May 25, 2023, and CPO563951900, for the policy period of May 25, 2021 to May 25, 2022.

11.    Medina Homes has been sued in the Oklahoma County District Court by Ms. Sprowl, who alleges that Medina Homes is liable for bodily injury suffered by a minor as the result of a dog bite that allegedly occurred on a residential property which Medina Homes owned and leased to another individual (the "Sprowl Lawsuit"). *See* **Exhibit 2**, Sprowl Petition.

12.    Medina Homes made demand upon Steadfast to defend and indemnify it from the Sprowl Lawsuit on December 4, 2024.

13.    Initially, Steadfast defended Medina Homes subject to a reservation of rights to investigate to determine coverage as to the Sprowl Lawsuit. *See* **Exhibit 3**, January 9, 2025 Reservation of Rights Letter.

14.    The Reservation of Rights Letter referenced the endorsement form, "Animal Liability Exclusion – Oklahoma," Number U-GL-2174-A OK (05/18) with an effective date of May 25, 2023 that is the same day as the start of the policy period.

15.    Steadfast investigated the Sprowl Lawsuit and discovered that the breed of the dog referenced in the Sprowl Lawsuit was an American Pit Bull Terrier mix. *See* **Exhibit 4**, pp. 2, 4, 9, 11, 13, Redacted Oklahoma City Animal Welfare Division Report.[1]

16.    American Pit Bull Terriers are listed on the Animal Liability Exclusion – Oklahoma form.

17.    Following that discovery, Steadfast notified Medina Homes that based on the Animal Liability Exclusion – Oklahoma form and the fact that the dog breed was an American Pit Bull Terrier mix, Steadfast did not have a duty to defend or indemnify Medina Homes in the Sprowl Lawsuit. *See* **Exhibit 5**, February 18, 2025 Coverage Disclaimer Letter.

18.    On June 11, 2025, plaintiff's counsel in the Sprowl Lawsuit made a demand upon, among others, Zurich North American Insurance Company ("Zurich") to settle the

---

[1] Redactions were made only to personally identifiable information.

4

Sprowl Lawsuit on behalf of Steadfast's insured, Medina Homes. *See* **Exhibit 6**, Email from Sheldon Smith.

19.    The demand was addressed to Zurich, despite Steadfast being the proper insurance carrier.

20.    The demand asserted Zurich cannot rely on the Animal Liability Exclusion – Oklahoma because it was not signed by Medina Homes. *Id.*

21.    Medina Homes was copied on the emailed demand.

22.    The demand alleges that Medina Homes could pursue a declaratory judgment or bad faith action against Steadfast for its refusal to extend coverage.

23.    Steadfast is a non-admitted insurer in Oklahoma, so it is not subject to potentially relevant Oklahoma Insurance Regulations.

24.    The "Animal Liability Exclusion – Oklahoma," Number U-GL-2174-A OK (05/18), form is consistent with Oklahoma Administrative Code section 365:15-1-3(20). *See* **Exhibit 7**, Full Text of OAC § 365:15-1-3.

25.    Oklahoma Administrative Code § 365:15-1-3(20) provides, "**Coverage elimination after policy issuance.** Any endorsement which eliminates or restricts coverage and *which is issued during the policy term* shall be identified as accepted by the insured, by the signature of the insured thereon, and a signed copy (original, computer generated or microfilm) of such endorsement shall be retained in the files of the insurer for one year after the expiration of the policy." (emphasis added).

26.    Even if Steadfast were subject to Oklahoma regulations, a signature is not required on the Animal Liability Exclusion – Oklahoma form because the endorsement

was included at the outset of the Policy's term. *Compare* **Ex. 1**, p. 4 ("Policy Period: From: 25 May 2023"), *with id.* at 83 (listing Animal Liability Exclusion – Oklahoma effective date as "25 May 2023").

27.     The Steadfast insurance contract with Medina Homes does not afford coverage for the Sprowl Lawsuit against Medina Homes for the following reasons:

        A.     The lawsuit seeks recovery for bodily injury arising out of any category in the Animal List, which includes any animal with a previous bite history. *See* Ex. 2, ¶¶ 28–29 (alleging the dog was involved in at least one other attack of an aggressive or violent nature).

        B.     Additionally, the lawsuit seeks recovery for bodily injury arising out of any dog breed of hybrid-species shown in the Breed of Dog List, which includes American Put Bull Terriers and Pit Bull Terriers.

        C.     The dog referenced in the Sprowl Lawsuit is an American Pit Bull Terrier mix.

        D.     The Animal Liability Exclusion – Oklahoma was issued at the outset of the Policy term.

        E.     The Animal Liability Exclusion – Oklahoma applies and bars coverage for Medina Homes.

28.     Insofar as there is no coverage afforded Medina Homes under the Steadfast insurance contract as concerns the Sprowl Lawsuit, Steadfast owes no duty of defense to Medina Homes in relation thereto.

29.    Insofar as there is no coverage afforded Medina Homes under the Steadfast insurance contract as concerns the Sprowl Lawsuit, Steadfast owes no duty to indemnify Medina Homes in relation thereto.

30.    Ms. Sprowl, by virtue of her lawsuit against Medina Homes, is a contingent claimant under the insurance contract and is thus joined herein in order that her interests may be represented as to this controversy and her rights conclusively determined in relation to the coverage afforded under the insurance contract by this Court.

31.    An actual and justiciable controversy now exists between the parties, in regard to the coverage afforded by the Policy, for which the declaratory judgment of this Court is sought.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff Steadfast Insurance Company does respectfully pray that this honorable Court enter its judgment declaring that the insurance contract issued by Steadfast to Defendant Medina Homes LLC, affords no coverage for the claims asserted in the Sprowl Lawsuit brought against Medina Homes, LLC, and that Plaintiff Steadfast owes no duty to defend Defendant Medina Homes, and that Plaintiff Steadfast owes no duty to indemnify Defendant Medina Homes, and that the Animal Liability Exclusion – Oklahoma form is enforceable because it was issued at the outset of the Policy period, and for such other and further relief under 28 U.S.C. § 2201, and as this Court may find just and equitable in the premises.

Respectfully submitted,

*s/ Kelsie M. Sullivan*

Phil R. Richards, OBA #10457
Kelsie M. Sullivan, OBA #20350
Matthew C. Cecconi, OBA #35080
MCAFEE & TAFT P.C.
Williams Center Tower II
Two West Second St., Ste 1100
Tulsa, OK 74103
Telephone:  (918) 587-0000
Facsimile:  (918) 599-9317
phil.richards@mcafeetaft.com
kelsie.sullivan@mcafeetaft.com
matthew.cecconi@mcafeetaft.com

**ATTORNEYS FOR PLAINTIFF
STEADFAST INSURANCE
COMPANY**

8