UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. CIV-25-689-R |
| ) | |
| MEDINA HOMES, LLC et al., ) | |
| ) | |
| Defendants. ) | |

## ORDER

Before the Court is Defendant Medina Homes, LLC's Motion to Dismiss [Doc. No. 7], and Defendant Crystal Sprowl's Motion to Dismiss [Doc. No. 9]. Plaintiff Steadfast Insurance Company responded to both Motions [Doc. Nos. 10 & 11].[1] The matter is now at issue. For the reasons that follow, Defendants' Motions are DENIED.

## BACKGROUND

Defendant Sprowl's daughter was attacked by a pit bull owned by non-party Kristi Olsen in front of the home Olsen leased from Defendant Medina Homes [Doc. No. 1-2, ¶¶ 6-9]. Defendant Sprowl sued both Olsen and Defendant Medina Homes in state court for her daughter's injuries. Doc. No. 1-2.

Defendant Medina Homes was insured by Plaintiff [Doc. No. 1, ¶ 9]. After receiving notice of Defendant Sprowl's lawsuit, Defendant Medina Homes demanded Plaintiff defend and indemnify it against Defendant Sprowl's claims. *Id*. ¶ 12. Plaintiff agreed to do

---

[1] Defendant Medina Homes filed an untimely reply [Doc. No. 12], which the Court disregards pursuant to LCvR7.1(h).

so under a reservation of rights so it could investigate the claim and make a coverage determination. *Id*. ¶ 13. Plaintiff's investigation revealed that Olsen's dog was an American Pit Bull Terrier mix. *Id*. ¶ 15. American Pitbull Terrier mixes are listed on the Animal Liability Exclusion portion of the policy. *Id*. ¶ 16. Under the exclusion, Plaintiff is not required to cover losses caused by American Pit Bull Terriers. *Id*. ¶ 17. Plaintiff therefore disclaimed coverage under the exclusion. *Id*.

On June 4, 2025, Defendant Medina Homes filed a state court declaratory judgment action against non-party Zurich Insurance Company, requesting a declaration that it is entitled to coverage under the policy [Doc. No. 9-2] ("Medina Homes Action"). The suit also included a claim against procuring agency, Thrive Insurance, Inc.. *Id*. The action was removed to the United States District Court for the Western District of Oklahoma on June 30, 2025, and is currently pending before Judge Patrick Wyrick. No. CIV-25-722-PRW, Doc. No. 1.

On June 20, 2025, Plaintiff filed the instant action in this Court seeking a declaration that it is not required to defend or indemnify Defendant Medina Homes under the Animal Liability Exclusion. Doc. No. 1 at p. 7. Defendant Medina Homes filed its Motion to Dismiss, Doc. No. p. 7, requesting the Court either dismiss the Complaint or stay the instant action in deference to the Medina Homes Action, *id*. at p. 6. Defendant Sprowl also filed a Motion to Dismiss, Doc. No. 9, arguing that the Court should defer to the Medina Homes Action under the first-to-file rule, *id*. at p. 2.

## LEGAL STANDARD

Under the Declaratory Judgment Act, 28 U.S.C. § 2201(a), "[i]n a case of actual

2

controversy within its jurisdiction…, any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." This authority is not mandatory, but rather "'[s]ince its inception, the Declaratory Judgment Act has been understood to confer on federal courts unique and substantial discretion in deciding whether to declare the rights of litigants.'" *Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 499 F.Supp.3d 1093, 1096 (W.D. Okla. 2020) (quoting *Wilton v. Seven Falls Co.*, 515 U.S. 277, 286 (1995)). "Thus, district courts retain discretion to decide whether to entertain an action under the Declaratory Judgment Act, even when the dispute satisfies subject matter jurisdictional requirements." *Id*. at 1095 (citing *Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 494 (1942)).

When deciding whether to hear a declaratory judgment action, federal district courts are instructed to consider the following factors:

(1) whether a declaratory action would settle the controversy;

(2) whether it would serve a useful purpose in clarifying the legal relations at issue;

(3) whether the declaratory remedy is being used merely for the purpose of procedural fencing or to provide an arena for a race to *res judicata*;

(4) whether the use of a declaratory action would increase friction between our federal and state courts and improperly encroach upon state jurisdiction; and

(5) whether there is an alternative remedy that is better or more effective.

*Mhoon v. State Farm Fire & Cas. Co.*, 31 F.3d 979, 983 (10th Cir. 1994) (citation, quotation marks, and brackets omitted).

## DISCUSSION

**A. Defendant Medina Homes' Motion is denied because application of the *Mhoon* factors supports retention of the action.**

Defendant Medina Homes contends that application of the *Mhoon* factors supports either dismissal of the Complaint or the issuance of a stay in deference to the Medina Homes Action. Doc. No. 7 at pp. 4-5.

First, Defendant Medina Homes contends that the Medina Homes Action will resolve the controversy between the parties. *Id*. at p. 4. Plaintiff argues that such resolution is impossible because it is not a party to the Medina Homes Action. Doc. No. 10 at p. 6. Plaintiff—not Zurich Insurance Company—is Defendant Medina Homes' insurer [Doc. No. 1-1 at p. 4; Doc. No. 1-5]. Plaintiff is only a party to the instant action. And despite Defendant Medina Homes' assurance that it plans to amend its pleading to join Plaintiff in the Medina Homes Action, Doc. No. 7 at p. 4 n.4, it has not done so. So because the primary controversy in both cases is whether Plaintiff is obligated to defend and indemnify Defendant Medina Homes, and this is the only action in which Plaintiff is a named party, a decision in the instant action could settle the controversy between Plaintiff and Defendant Medina Homes.

Second, a declaration of rights and liabilities would clarify the primary dispute in the instant action: whether Plaintiff must defend and indemnify Defendant Medina Homes. This determination is best made by this Court because this is the only litigation in which both parties are joined. So the second *Mhoon* factor favors hearing the Complaint.

Third, there is no evidence of procedural fencing by either party, so the third *Mhoon*

factor is neutral.

Fourth, like in *Paycom Software, Inc. v. Nat'l Fin. Partners Corp.*, No. CIV-14-1029-R, 2014 WL 7013739 (W.D. Okla. Dec. 12, 2014), the instant action does not present a potential conflict between parallel state and federal proceedings. So the fourth *Mhoon* factor is disregarded. *See Paycom*, 2014 WL 7013739, at *1 ("Because this case involves two federal courts of coordinate jurisdiction, the fourth factor concerning friction between federal and state courts does not apply.").

Finally, Defendant Medina Homes' proposed alternative remedy is for the Court to defer to the Medina Homes Action. Doc. No. 7 at p. 5. But as Plaintiff notes, the instant action is the only pending litigation in which the appropriate parties—Steadfast Insurance Company and Medina Homes, LLC—are joined together. Doc. No. 10 at pp. 15-16. So the instant action provides an appropriate venue for a remedy, and the final *Mhoon* factor therefore weighs in favor of hearing the Complaint.

Accordingly, the Court finds that the *Mhoon* factors favor retention of this case and hearing Plaintiff's Complaint. Defendant Medina Homes' Motion is therefore denied.

**B. Defendant Sprowl's Motion is denied because application of the factors under the first-to-file rule does not support deference to the Medina Homes Action.**

Defendant Sprowl contends that the Court should decline to hear the instant action and should instead defer to the Medina Homes Action under the first-to-file rule. Doc. No. 9 at p. 2.

The Tenth Circuit has counseled that when presented with parallel federal proceedings, the district court "should apply the first-to-file rule." *Wakaya Perfection, LLC*

*v. Youngevity Int'l, Inc.*, 910 F.3d 1118, 1124 (10th Cir. 2018) (citing *Hospah Coal Co. v. Chaco Energy Co.*, 673 F.2d 1161, 1163 (10th Cir. 1982). The first-to-file rule "'permits, but does not require, a federal district court to abstain from exercising its jurisdiction in deference to a first-filed case in a different federal district court[.]'" *Quint v. Vail Resorts, Inc.*, 89 F.4th 803, 814-15 (10th Cir. 2023) (quoting *Wakaya Perfection*, 910 F.3d at 1124). The Court considers three factors under the first-to-file rule:

> (1) the chronology of events,
>
> (2) the similarity of the parties involved, and
>
> (3) the similarity of the issues or claims at stake.

*Wakaya Perfection*, 910 F.3d at 1124 (citation and quotation marks omitted). Those factors, however, "are not exhaustive, and other equitable factors may bear on the inquiry." *Id.* (citations omitted).

First, "[t]o determine chronology…'the first court in which jurisdiction attaches has priority to consider the case' and jurisdiction 'relates back to the filing of the complaint.'" *Id.* at 1124 (quoting *Hospah Coal*, 673 F.2d at 1163). The Medina Homes Action was filed on June 4, 2025. Doc. No. 9-2. The instant action was filed on June 20, 2025. Doc. No. 1. While Plaintiff argues that the filing date should be disregarded because it was never named in the Medina Homes Action and jurisdiction therefore never attached, it provides no case law to support its assertion. Doc. No. 11 at pp. 5-6. And as another court in this Circuit noted, "determining chronology 'typically requires only a comparison of' the filing dates of the two complaints[.]" *Jim v. CoreCivic of Tenn., LLC*, No. CIV-20-0618-JB/JFR, 2021 WL 4990084, at *21 (D. N.M. Oct. 27, 2021) (quoting *Wakaya Perfection*, 910 F.3d at

6

1124). The *Jim* Court did not compare "the parties, claims, or issues in the two cases" when making the chronology determination, *id.*, and neither does this Court here. So the first factor favors deference to the Medina Homes Action.

Second, the Court considers the similarities of the parties. The Medina Homes Action and the instant action have one common party: Medina Homes. The Medina Homes Action includes neither Plaintiff nor Defendant Sprowl. The Policy states that the insurance is provided by Steadfast Insurance Company, Doc. No. 1-1 at p. 4, and Defendant Medina Homes has yet to amend its pleading to join Plaintiff in the Medina Homes Action. So the second factor weighs against deference.

Third, the Court finds that there is overlap between the issues and claims between the Medina Homes Action and the instant action. At bottom, both actions involve a determination of rights and obligations under the Policy. However, in the Medina Homes Action, Defendant Medina Homes asks the court to reform the Policy because Thrive Insurance—an independent insurance agent that procured the Policy—was allegedly negligent in including the Animal Liability Exclusion without further discussion [Doc. No. 10-1, ¶¶ 9-10]. Defendant Medina Homes names Thrive Insurance as a defendant in the Medina Homes Action, which led to removal on the basis of fraudulent joinder by Zurich Insurance Company [Doc. No. 9-3, ¶ 4]. Those issues are not present in this case. Considering both the similar and dissimilar claims and issues at stake, the Court finds the factor neutral.

Finally, the Court finds that equity favors retention of this matter. In addition to the issue of Plaintiff not being named in the Medina Homes Action despite being the insurer

of record, weighing especially heavily on the Court's determination is the active jurisdictional dispute in the Medina Homes Action. The removal is premised on the doctrine of fraudulent joinder, Doc. No. 9-3, ¶ 4, and there is a pending motion to remand, No. CIV-25-722-PRW, Doc. No. 14. Unlike the Medina Homes Action, this Court's jurisdiction to hear the parallel dispute is unquestioned. The Court—having considered the factors outlined above—finds no reason to defer under these circumstances. As previously noted by another court in this District, "just 'because a court is the first to obtain jurisdiction does not necessarily mean that it should decide the merits of the case.'" *M-D Bldg. Prods., Inc. v. Associated Crafts/Willet Hauser Architectural Glass, Inc.*, No. CIV-20-00179-JD, 2021 WL 12319682, at *7 (W.D. Okla. Mar. 30, 2021) (quoting *Hospah Coal*, 673 F.2d at 1164). Such is the case here.

Defendant Sprowl's Motion is denied.

## CONCLUSION

Accordingly, the Motions to Dismiss are DENIED.

IT IS SO ORDERED this 2nd day of September, 2025.

*/s/ David L. Russell*
DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE