UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| STEADFAST INSURANCE COMPANY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. CIV-25-689-R |
| ) | |
| MEDINA HOMES, LLC et al., ) | |
| ) | |
| Defendants. ) | |

# ORDER

Before the Court is Defendant Medina Homes, LLC's Application to Submit Questions to the Oklahoma Supreme Court [Doc. No. 19]. Plaintiff Steadfast Insurance Company responded [Doc. No. 26] and Medina Homes replied [Doc. No. 27]. The matter is now at issue.

Defendant Crystal Sprowl's daughter was attacked by a pit bull owned by non-party Kristi Olsen in front of the home Olsen leased from Medina Homes [Doc. No. 1-2, ¶¶ 6-9]. Sprowl sued both Olsen and Medina Homes in state court for her daughter's injuries. Doc. No. 1-2. Medina Homes was insured by Plaintiff and demanded Plaintiff defend and indemnify it against Sprowl's claims [Doc. No. 1, ¶¶ 9, 12]. An investigation of the claim by Plaintiff revealed Olsen's dog was an American Pit Bull Terrier mix, a dog listed on the Animal Liability Exclusion portion of the insurance policy. *Id.* ¶¶ 15-16. Under the exclusion, Plaintiff is not required to cover losses caused by American Pit Bull Terriers. *Id.* ¶ 17. Plaintiff therefore disclaimed coverage under the exclusion. *Id.*

Plaintiff seeks a judgment declaring that the Animal Liability Exclusion portion of

1

the insurance policy is enforceable. *Id.* at p. 7. OKLA. ADMIN. CODE § 365:15-1-3(b)(20) provides that endorsements issued during a policy term which eliminate coverage shall be signed by the insured. In the Complaint, Plaintiff alleges that even if it were subject to the Code,[1] it has not violated the Code because the Animal Liability Exclusion was included at the outset of the Policy's term. *Id.* ¶¶ 24-26.

Medina Homes submitted a one-page application asking the Court to certify the following questions to the Oklahoma Supreme Court:

(1) Does an insurance agent or broker have a legal duty under Oklahoma law to an insured client to exercise due care in dealing with the client's insurance needs?

(2) Does a provision of the Insurance Commissioner's Regulations or a statute violate the Oklahoma Constitution, Article 19, Section 1: No foreign insurance company shall be granted a license or permitted to do business in this State until it shall have complied with the laws of the State?

Doc. No. 19.

Plaintiff opposes such certification because (1) Medina Homes has not shown why certification would be necessary and (2) the questions are irrelevant to the issues in the case and too vague to allow a clear answer.

The decision to certify a question of law to a state court is within the discretion of a federal district court. *See Oliveros v. Mitchell*, 449 F.3d 1091, 1093 (10th Cir. 2006); *Coletti v. Cudd Pressure Control*, 165 F.3d 767, 775 (10th Cir. 1999); *Allstate Ins. Co. v. Brown*, 920 F.2d 664, 667 (10th Cir. 1990). Pursuant to OKLA. STAT. tit. 20, § 1602, the

---

[1] Plaintiff alleges that as a non-admitted insurer in Oklahoma, it is not subject to Oklahoma Insurance Regulations. Doc. No. 1, ¶ 23.

Oklahoma Supreme Court has the power to accept a certified question from a federal court if the outcome of the federal litigation depends on a controlling issue of state law and the issue cannot be resolved by reference to an Oklahoma statute, constitutional provision, or judicial decision. Certification is appropriate "where the legal question at issue is novel and the applicable state law is unsettled," but a federal district court is not compelled to certify such issues to a state court. *Society of Lloyd's v. Reinhart*, 402 F.3d 982, 1001 (10th Cir. 2005) (citation and quotation marks omitted). "Certification is not to be routinely invoked whenever a federal court is presented with an unsettled question of state law." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) (citation omitted).

Question One regards the scope of an insurance agent or broker's legal duty to a client. Plaintiff argues certification is inappropriate because Question One is not determinative of any issue in the case. In its Reply, Medina Homes appears to argue Question One is determinative because Plaintiff claims the agent or broker had no duty to advise the insured that the policy at issue excluded injuries caused by certain dogs.

Whether Question One is determinative or not, it is not novel such that it cannot be resolved by referencing an Oklahoma judicial decision. *See Silver v. Slusher*, 770 P.2d 878, 879, 882 n.11 (Okla. 1988) (holding insurers have no affirmative duty to explain uninsured motorist coverage terms to insureds "as an indispensable precondition for a statutorily effective rejection" of coverage); *Wathor v. Mut. Assurance Adm'rs, Inc.*, 87 P.3d 559, 562 (Okla. 2004) (citing *Timmons v. Royal Globe Ins. Co.*, 653 P.2d 907, 912-13 (Okla. 1982)) ("Normally, only the insurer owes the duty of good faith and fair dealing to its insured. Agents of the insurer—even agents whose acts may have been material to a breach of the

3

duty—do not normally owe the insured a duty of good faith since agents are not parties to the insurance contract."); *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003) (quoting *Swickey v. Silvey Cos.*, 979 P.2d 266, 269 (Okla. Civ. App. 1999)) ("As a general rule, '[a]n agent has the duty to act in good faith and use reasonable care, skill and diligence in the procurement of insurance and an agent is liable to the insured if, by the agent's fault, insurance is not procured as promised and the insured suffers a loss.'"); *Cosper v. Farmers Ins. Co.*, 309 P.3d 147, 149 (Okla. Civ. App. 2013) (declining to "impose a duty upon an insurer to provide an 'adequate amount' of coverage").

Next, Plaintiff argues Question Two should not be certified because it does not identify which regulation or statute supposedly violates the Oklahoma Constitution. In its Reply, Medina Homes fails to indicate the regulation or statute at issue or to discuss the section of the Constitution allegedly violated—it argues only that Plaintiff is attempting to evade the Oklahoma Constitution generally. Medina Homes's lack of specificity alone is grounds for denial of Question Two's certification. *See Phillips v. Calhoun*, 956 F.2d 949, 953-54 (10th Cir. 1992) (declining to consider a matter that had "not been even minimally supported by legal argument or authority") (citation omitted).

Moreover, Plaintiff argues the Court should deny certification of Question Two even if Medina Homes intends to reference the regulations cited in Plaintiff's Complaint. The Complaint references the insurance policy's "Animal Liability Exclusion – Oklahoma" form and Okla. Admin. Code § 365:15-1-3(b)(20), which discusses "[c]overage elimination after policy issuance." Doc. No. 1, ¶¶ 24-24. Plaintiff argues federal courts have already interpreted that section of the code without need for

certification, and the Court agrees. *See Goodwill Indus. of Cent. Okla., Inc. v. Phila. Indem. Ins. Co.*, 21 F.4th 704, 713 (10th Cir. 2021) (coverage exclusion for damage caused by a virus was valid without insured's signature because it was an exclusion included at the outset of a policy term and thus § 365:15-1-3(b)(20) did not apply); *Keshav, LLC v. Arch Specialty Ins. Co.*, No. CIV-20-586-SLP, 627 F. Supp. 3d 1261, 1267 (W.D. Okla. Sept. 12, 2022).

"'When [the Court] see[s] a reasonably clear and principled course, [it] will seek to follow it [itself]'—even if no state supreme court precedent is directly on point." *Meier v. Chesapeake Operating LLC*, 778 Fed. App'x 561, 565 (10th Cir. 2019) (unpublished) (citing *Pino v. United States*, 507 F.3d 1233, 1236 (10th Cir. 2007)). Because the Court "can pursue a 'clear and principled course' without troubling the Oklahoma Supreme Court for guidance," Medina Homes's Application to Certify Questions One and Two to the Oklahoma Supreme Court is DENIED.

IT IS SO ORDERED this 17th day of November, 2025.

*[signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE