UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **STEADFAST INSURANCE COMPANY,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) No. CIV-25-689-R |
| | ) |
| **MEDINA HOMES, LLC. et al.,** | ) |
| | ) |
| **Defendants.** | ) |

## ORDER

Before the Court is Defendant Medina Homes, LLC's Motion to Assert Counterclaims and Third Party Cross Claims [Doc. No. 36]. Plaintiff Steadfast Insurance Company responded [Doc. No. 39]. Medina did not reply. The matter is now at issue.

## BACKGROUND

Defendant Crystal Sprowl's daughter was attacked by a pit bull owned by non-party Kristi Olsen in front of the home Olsen leased from Medina Homes [Doc. Nos. 1, ¶ 11; 1-2, ¶¶ 6-9]. Sprowl sued both Olsen and Medina Homes in state court for her daughter's injuries. Doc. No. 1-2. Medina Homes was insured by Steadfast and demanded Steadfast defend and indemnify it against Sprowl's claims. Doc. No. 1, ¶¶ 9, 12. An investigation of the claim by Steadfast revealed Olsen's dog was an American Pit Bull Terrier mix, a dog listed on the Animal Liability Exclusion portion of the insurance policy. *Id.* ¶¶ 15-16. Under the exclusion, Steadfast is not required to cover losses caused by American Pit Bull Terriers. *Id.* ¶ 17. Steadfast therefore disclaimed coverage under the exclusion. *Id.* Steadfast now seeks a judgment declaring that the Animal Liability Exclusion portion of

1

the insurance policy is enforceable. *Id.* at p. 7.

On June 4, 2025, Medina filed a state court declaratory judgment action against non-party Zurich Insurance Company, whom Medina alleged wrote the policy under which Steadfast denied Medina coverage for the dog attack [Doc. No. 9-2]. Medina requested a declaration that it is entitled to coverage under the policy. *Id.* The suit also included a claim against procuring agency Thrive Insurance, Inc. *Id.* The action was removed to the United States District Court for the Western District of Oklahoma on June 30, 2025, and was reassigned to this Court on December 2, 2025 [*Medina Homes, LLC v. Zurich Ins. Co., et al.*, Case No. CIV-25-722-R, Doc. Nos. 1, 31] [hereinafter the ZIC Case].

Due to the relationship between this case and the ZIC Case, a status conference was held on December 17, 2025, to discuss the cases [Doc. No. 34]. At the conference, the parties agreed Thrive Insurance and Zurich Insurance Company were to be dismissed. *Id.* Thrive and ZIC were accordingly dismissed and the ZIC Case was closed [the ZIC Case, Doc. No. 38]. Medina also agreed that if it wished to assert additional claims against Steadfast or other parties, it would do so in this case in the form of a Motion to Assert Counterclaims/Third-Party Claims [the ZIC Case, Doc. No. 35]. Doc. No. 34.

Medina subsequently filed a Motion to Assert Counterclaims and Third Party Cross Claims [Doc. No. 36], seeking to, in Medina's words, "join . . . additional defendant[s]" SES Insurance Brokerage Services, Inc. and Zurich American Insurance Company. Medina asserts that SES, ZAIC, and Steadfast "conspired to deal unfairly and in bad faith with Medina and defraud Medina by denying coverage and causing Medina to pay higher premiums" [Doc. No. 36-1, ¶ 6]. Medina further asserts that SES, ZAIC, or Steadfast

2

negligently included the Animal Liability Exclusion which "Zurich or Steadfast now claim[] excludes coverage." *Id.* ¶ 5. Medina's proposed "Counterclaims and Cross Claims" request (1) a declaration that coverage is afforded by the insurance policy, (2) a reformation of the policy to remove the exclusions and provide the coverage allegedly contracted for by Medina, and (3) actual and punitive damages for the alleged bad faith conduct of Steadfast, SES, and ZAIC.

## LEGAL STANDARD[1]

Federal Rule of Civil Procedure 14(a) provides: "A defending party may, as third-party plaintiff, serve a summons and complaint on a nonparty who is or may be liable to it for all or part of the claim against it. But the third-party plaintiff must, by motion, obtain the court's leave if it files the third-party complaint more than 14 days after serving its original answer." "The purpose of Rule 14 is 'to reduce multiplicity of litigation' by 'accomplish[ing] in one proceeding the adjudication of the rights of all persons concerned in the controversy and to prevent the necessity of trying several related claims in different lawsuits.' Thus, Rule 14 is remedial in nature, and it should therefore be construed

---

[1] Medina's motion is titled "Motion to Assert Counterclaims and Third Party Cross Claims." A counterclaim is a claim against an opposing party. FED. R. CIV. P. 13(a)-(b). Medina does not specify whether it wishes to assert a counterclaim against Steadfast, which is currently Medina's only opposing party in this case. A crossclaim is a claim against a coparty—which in this case would be Defendant Sprowl, whom Medina does not appear to wish to assert a claim against. *See* FED. R. CIV. P. 13(g). The focus of Medina's Motion is instead upon adding SES and ZAIC as defendants. It thus appears that Medina seeks to assert claims against third parties who are currently nonparties to this action (impleader). The Court will therefore evaluate Medina's Motion under Federal Rule of Civil Procedure 14(a), which provides the standard for when a defending party may serve a complaint against a nonparty.

liberally." *Loomis v. Specialized Desanders, Inc.*, No. CIV-18-00525-PRW, 2019 WL 5197564, at *1 (W.D. Okla. Aug. 7, 2019) (quoting *Marshall v. Pointon*, 88 F.R.D. 566, 568 (W.D. Okla. 1980); *United States v. Acord*, 209 F.2d 709, 712 (10th Cir. 1954)). Rule 14 impleader is improper where the proposed implead parties cannot be liable to the defendant for all or part of the plaintiff's claims. *Magallan v. Zurich Am. Ins. Co.*, No. 16-CV-0668-CVE-FHM, 2017 WL 4158767, at *3 (N.D. Okla. Sept. 18, 2017) (quoting *Hefley v. Textron, Inc.*, 713 F.2d 1487, 1498 (10th Cir. 1983)).

## DISCUSSION

Medina claims SES and ZAIC should be added as defendants to this case because it has been consolidated with the ZIC Case. Steadfast contends this basis for impleader is improper because the cases have not been consolidated. The Court agrees. The cases have not been consolidated. This justification for Medina's third-party claims is without merit.[2]

Medina claims impleader of SES and ZAIC is appropriate because SES, ZAIC, or Steadfast negligently included the Animal Liability Exclusion in Medina's policy, and all three entities conspired to deal unfairly and in bad faith with Medina by denying coverage. Medina suggests the roles played by SES and ZAIC in the insurance process may affect the question of whether Medina is owed coverage under the policy.

---

[2] The Court reiterates the agreement reached at the December 17, 2025, status conference, which included the parties to this case and the ZIC Case. *See* Doc. No. 34; the ZIC Case, Doc. No. 35. Neither the Court nor the parties agreed to consolidate the two cases. Instead, all parties agreed ZIC and Thrive would be dismissed from the ZIC Case—resulting in the closure of the ZIC Case. Medina agreed that should it wish to assert additional claims against Steadfast or other parties, it would do so in *this* case in the form of a Motion to Assert Counterclaims or Third-Party Claims. *See* Doc. No. 34; the ZIC Case, Doc. No. 35.

Steadfast has failed to sufficiently dispute, pursuant to the Rule 14 standard, SES's and ZAIC's impleader. Steadfast merely asserts that because the original action is for a declaratory judgment regarding Medina's and Steadfast's rights and responsibilities under the insurance policy, neither SES nor ZAIC would be liable to Medina for the relief Steadfast seeks. But an original action being declaratory in nature does not automatically mean the defendant cannot implead other parties pursuant to Rule 14. *See W. Agric. Ins. Co. v. Lotus Invs., LLC*, No. 23-cv-1048-TC-TJJ, 2023 WL 4864988, at *3 (D. Kan. July 31, 2023) (permitting impleader of insurance agency and agent in declaratory judgment action filed by insurer against insured); *United of Omaha Life Ins. Co. v. Reed*, 649 F. Supp. 837, 842 (D. Kan. 1986) (permitting third party complaint and joinder of other claims against third-party defendant in declaratory judgment action wherein the defendant sought to implead and seek damages from its insurer's agent); *Navigators Ins. Co. v. Univ. of Louisville Found., Inc.*, 329 F.R.D. 557, 563 (W.D. Ky. 2019) (declaratory judgment action wherein the court permitted impleader of insurance broker who allegedly guided the insured through the policy application process). Steadfast does not further support its assertion that the declaratory nature of the action precludes Medina from impleading SES and ZAIC, nor does it argue Rule 14 impleader is inappropriate for other reasons.[3]

---

[3] The Court notes Steadfast's assertions that Medina's proposed third-party claims fail to state a claim for relief and thus make amendment of the pleadings futile. Steadfast presents these arguments pursuant to Federal Rule of Civil Procedure 12(b). The Court is not satisfied that Steadfast is the proper party to raise such arguments:

> [T]he standard under Rule 14 is not the same as the standard under Rule 12 and a motion to dismiss. Moreover, [Plaintiff] likely does not have standing to raise such arguments. *See, e.g.*, *Clark Cnty. v. Jacobs Facilities,*

5

Despite the vagueness of the parties' briefing, the Court notes the significance of construing Rule 14 liberally and the importance of preventing the necessity of trying several related claims in different lawsuits. Steadfast wishes to adjudicate the rights and responsibilities of both itself and Medina to the policy at issue. Medina wishes to implead SES and ZAIC for similar reasons and to seek damages against the entities for the allegedly fraudulent and bad faith behavior in which Steadfast, SES, and ZAIC engaged. "[T]he proposed third-party complaint clearly arises from the facts and circumstances" of the coverage dispute. *N.E. Constr., LLP v. Integrated Aquatics, LLC*, No. CIV-22-997-PRW, 2023 WL 12249030, at *2 (W.D. Okla. Aug. 29, 2023). "It would [] be wastefully duplicative to require [Medina] to assert its claims against [SES and ZAIC] in a separate action if the Court finds no coverage under the Policy." *W. Agric.*, 2023 WL 4864988, at *3. Because the third-party claims correspond to the allegations in Steadfast's declaratory judgment action, "permitting these claims promotes the very purpose of Rule 14—facilitating judicial efficiency." *Navigators*, 329 F.R.D. at 563.

> Whether to grant a motion for impleader rests in the sound discretion of the trial court. In exercising that discretion, some of the relevant factors for the Court to consider include: (1) the benefits of a single action versus prejudice to the other party and confusion; (2) the timeliness of the request and prejudice to the plaintiff in delay; (3) whether the main case would

---

*Inc.*, No. 2:10-CV-00194-LRH-PAL, 2011 WL 4458797, at *1 (D. Nev. Sep. 23, 2011) ("Any Rule 12 defenses to Defendants' third-party claims are properly raised by . . . [a] third-party defendant in its answer to the third-party complaint, not by . . . the original plaintiff in opposition to a motion for leave to file.").

*Capitol Specialty Ins. Corp. v. Tekton Constr. Mgmt., LLC*, No. 1:24-cr-00302-DCN, 2026 WL 381824, at *4 (D. Idaho Feb. 11, 2026). The Court thus declines to address these arguments.

'mushroom in all directions'; (4) whether impleading new parties would unduly delay or complicate the trial; and (5) whether the third-party plaintiff's motion states sufficient grounds for the court to evaluate the propriety of third-party complaints.

*Loomis*, 2019 WL 5197564, at *1 (footnotes and quotation marks omitted).

Steadfast does not assert, in any meaningful way, that impleader of SES and ZAIC will unduly delay or complicate the issues, that the request is untimely and/or will prejudice Steadfast, or that the case will "mushroom in all directions" if SES and ZAIC are impleaded. The Court finds there will be great benefit in a single action, allowing it to simultaneously adjudicate (1) the validity or invalidity of the Animal Liability Exclusion as it relates to the conduct of Steadfast, SES, and ZAIC and (2) any matters of damages for the allegedly fraudulent and bad faith behavior of the same entities. Medina has presented at least a colorable claim for relief against SES and ZAIC, seeking to hold them accountable for the language included in Steadfast's policy.[4] Rule 14 impleader of SES and ZAIC is therefore appropriate.

Accordingly, Medina's Motion to Assert Counterclaims and Third Party Cross Claims [Doc. No. 36] is GRANTED. Medina shall file its Proposed Third Party Claims [Doc. No. 36-1] within seven days of the date of this Order.

IT IS SO ORDERED this 26th day of February, 2026.

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE

---

[4] By making this statement the Court provides no indication of how it may rule upon the merits of any claims by Medina against SES, ZAIC, or Steadfast.