**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF OKLAHOMA**

| | | |
|---|---|---|
| **STEADFAST INSURANCE COMPANY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. CIV-25-689-R** |
| | ) | |
| **MEDINA HOMES, LLC, et al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**ORDER**

Steadfast Insurance Company, SES Insurance Brokerage Services, Inc., and Zurich American Insurance Company have each moved to dismiss [Doc. Nos. 45, 58, 59] Defendant Medina Homes, LLC's "Counterclaims and Cross Claims" [Doc. No. 41, hereinafter "the Medina Complaint"]. All three motions are fully briefed and at issue [Doc. Nos. 46, 47, 60, 61, 62, 63].

**BACKGROUND[1]**

Defendant Crystal Sprowl's daughter was attacked by a pit bull owned by non-party Kristi Olsen in front of the home Olsen leased from Medina [Compl. ¶ 11; Doc. No. 1-2 ¶¶ 6-9].[2] Sprowl sued both Olsen and Medina in state court for her daughter's injuries. Doc.

[1] Given the sparse nature of the Medina Complaint, the Court draws from the factual allegations in the Complaint [Doc. No. 1] filed by Steadfast.

[2] "[F]ederal courts, in appropriate circumstances, may take notice of proceedings in other courts, both within and without the federal judicial system, if those proceedings have a direct relation to matters at issue." *St. Louis Baptist Temple v. FDIC*, 605 F.2d 1169, 1172 (10th Cir. 1979), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). Because of its direct relation to matters currently at issue, the Court properly takes judicial notice of *Crystal Sprowl v. Medina Homes, LLC*, *et al.*, Dist. Ct. of Okla. Cnty., Okla., Case No. CJ-2024-6845 (Oct. 24, 2024).

No. 1-2. Medina was insured by Steadfast and demanded Steadfast defend and indemnify it against Sprowl's claims. Compl. ¶¶ 9, 12. An investigation of the claim by Steadfast revealed Olsen's dog was an American Pit Bull Terrier mix, a dog listed on the Animal Liability Exclusion portion of the insurance Policy. *Id.* ¶¶ 15-16. The exclusion indicates Steadfast is not required to cover losses caused by American Pit Bull Terriers. *Id.* ¶ 17. Medina asserts that it never signed the exclusion. *Id.* ¶ 20. Steadfast disclaimed coverage under the exclusion. *Id.* ¶ 17. Steadfast now seeks a judgment declaring that the Animal Liability Exclusion portion of the Policy is enforceable. *Id.* at p. 7.

On June 4, 2025, Medina filed a state court declaratory judgment action against non-party Zurich Insurance Company, whom Medina alleged wrote the Policy under which Steadfast denied Medina coverage for the dog attack. *Medina Homes, LLC v. Zurich Ins. Co.*, *et al.*, Dist. Ct. of Okla. Cnty., Okla., Case No. CJ-2025-3944 (June 4, 2025).[3] Medina requested a declaration that it is entitled to coverage under the Policy. *Id.* The suit also included a claim against procuring agency Thrive Insurance, Inc. *Id.* The action was removed to the United States District Court for the Western District of Oklahoma on June 30, 2025, and was reassigned to this Court on December 2, 2025 [*Medina Homes, LLC v. Zurich Ins. Co., et al.*, Case No. CIV-25-722-R, Doc. Nos. 1, 31] [hereinafter the ZIC Case].

Due to the relationship between this case and the ZIC Case, a status conference was held on December 17, 2025 [Doc. No. 34]. At the conference, the parties agreed Thrive

---

[3] The Court will also take judicial notice of the proceedings that occurred in this action.

Insurance and Zurich Insurance Company were to be dismissed. *Id.* Thrive and ZIC were accordingly dismissed and the ZIC Case was closed [the ZIC Case, Doc. No. 38]. Medina also agreed that if it wished to assert additional claims against Steadfast or other parties, it would do so in this case in the form of a Motion to Assert Counterclaims/Third-Party Claims [the ZIC Case, Doc. No. 35]. Doc. No. 34.

Medina subsequently filed a Motion to Assert Counterclaims and Third Party Cross Claims [Doc. No. 36], seeking to, in Medina's words, "join . . . additional defendant[s]" SES Insurance Brokerage Services, Inc. and Zurich American Insurance Company. This Court granted that Motion [Doc. No. 40]. Medina filed its additional claims in the Medina Complaint. Doc. No. 41. The perfunctorily-worded Medina Complaint asserts that Steadfast, SES, or ZAIC [hereinafter, "the insurance entities"] "negligently includ[ed] an exclusion which Zurich or Steadfast now claims excludes coverage" and "[n]o one connected with the insurance companies provided any mention . . . of the dog bite exclusion." *Id.* ¶ 5. Medina further alleges the insurance entities have "conspired to deal unfairly and in bad faith with Medina and defraud Medina by denying coverage and causing Medina to pay higher premiums." *Id.* ¶ 6. Medina seeks damages for the alleged fraud and bad faith and asks the Court to reform the insurance Policy to remove the exclusions and to declare the Policy affords Medina coverage for the underlying state court claims. *Id.* ¶¶ 8-9. The insurance entities have each moved to dismiss.

## LEGAL STANDARD

Dismissal under Rule 12(b)(6) is proper when a complaint fails "to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). A complaint need only include

"a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). Rule 8 "serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted." *Mann v. Boatright*, 477 F.3d 1140, 1148 (10th Cir. 2007). The complaint "need only give the defendant fair notice of what the claim is and the grounds upon which it rests." *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012) (internal quotation marks and citations omitted). The standard articulated by Rule 8 "does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Applying Rule 8, to "survive a Rule 12(b)(6) motion, the complaint 'must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Brown v. City of Tulsa*, 124 F.4th 1251, 1263 (10th Cir. 2025) (quoting *Iqbal*, 556 U.S. at 678). And while the Court "must accept the truth of all properly alleged facts and draw all reasonable inferences in the plaintiff's favor, the plaintiff still 'must nudge the claim across the line from conceivable or speculative to plausible.'" *Id.* (quoting *Brooks v. Mentor Worldwide LLC*, 985 F.3d 1272, 1281 (10th Cir. 2021)). "[C]ounterclaims are subject to the same pleading standard articulated in" *Twombly* and *Iqbal*. *WRTGC-Com., LLC v. Precision Commc'ns, Inc.*, No. 20-CV-0162-CVE-CDL, 2022 WL 1087203, at *2 (N.D. Okla. Apr. 11, 2022) (citations omitted); *see also State Farm Fire & Cas. Co. v.*

*Gates, Shields & Ferguson, P.A.*, No. 14-cv-2392-EFM-GLR, 2015 WL 1578530, at *1 (D. Kan. Apr. 9, 2015) (applying *Iqbal*/*Twombly* standards to third-party claims); *Abselet v. All. Lending Grp., Inc.*, No. 14-FJ-00004-F, 2015 WL 13838866, at *2-3 (W.D. Okla. June 2, 2015) (same with respect to crossclaims).

## DISCUSSION

### I. An Initial Matter

Throughout its Responses to the Motions to Dismiss, Medina frequently asserts that discovery is required before Medina can "supply information regarding the insurance companies' schemes." *See, e.g.*, Doc. No. 46, at p. 8. But this does not change the fact that Medina must still "plead concrete facts sufficient 'to raise a reasonable expectation that discovery will reveal evidence' supporting [its] claims." *Frey v. Town of Jackson*, 41 F.4th 1223, 1243 (10th Cir. 2022) (quoting *Twombly*, 550 U.S. at 556). "[I]n Twombly, the seminal case on federal pleading standards, the Supreme Court rejected the idea that a plaintiff may proceed to discovery armed with just a belief that discovery might reveal facts to support his claims." *Id.* (citing *Twombly*, 550 U.S. at 561-62). As discussed below, none of Medina's claims are plausibly alleged. The Court thus will not allow Medina to proceed to discovery under such circumstances, despite Medina's assertions that discovery is needed before it can provide more factual allegations. And in any event, "if a motion has been made pursuant to Fed. R. Civ. P. 12(b), no party may seek discovery from any source before that motion has been decided and all moving parties have filed an answer or been dismissed from the case." LCvR26.3(a). Exceptions to this rule may be sought via "written motion in accordance with LCvR7.1 and LCvR37.1." LCvR26.3(c). "A response to a

motion may not also include a motion to a cross-motion made by the responding party." LCvR7.1(c). Medina has not moved for discovery in a separate written motion and thus, to the extent it requests discovery, such requests are improper.

## II. Medina's Bad Faith Claims

Medina asserts the insurance entities have "conspired to deal unfairly and in bad faith with Medina and defraud Medina by denying coverage and causing Medina to pay higher premiums as a result of the policy being written as if it were a surplus lines policy." Medina Compl. ¶ 6. Medina may also be claiming the negligent inclusion of the dog-bite exclusion in the Policy without informing Medina constitutes bad faith behavior. *Id.* ¶ 5.

> To state a bad-faith claim under Oklahoma law, a plaintiff must allege that:
>
> "(1) the insurer was required under the insurance policy to pay the insureds' claim;
>
> (2) the refusal to pay the claim was unreasonable under the circumstances because (a) the insurer had no reasonable basis for refusing; (b) the insurer did not perform a proper investigation; or (c) the insurer did not evaluate the results of the investigation properly;
>
> (3) the insurer did not deal fairly and in good faith with the insureds; and
>
> (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the complained-of injury to the insureds."
>
> *A.B. ex rel. Blaik v. Health Care Serv. Corp.*, No. CIV-19-968-D, 2020 WL 4041120, at *4 (W.D. Okla. July 17, 2020) (citing *Duensing v. State Farm Fire & Cas. Co.*, 131 P.3d 127, 138 (Okla. Civ. App. 2006); *Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080 (Okla. 2005)).

*Mantooth v. Health Care. Serv. Corp.*, No. 20-CV-578-TCK-JFJ, 2021 WL 256803, at *2-3 (N.D. Okla. Jan. 25, 2021). "A bad-faith claim will not survive dismissal where the plaintiff 'offer[s] only mere labels and conclusions.'" *Id.* at *3 (quoting *Daily v. USAA Cas.*

*Ins. Co.*, No. CIV-14-0550-HE, 2014 WL 12729172, at *1 (W.D. Okla. Nov. 19, 2014)) (quotation marks omitted).

Steadfast, SES, and ZAIC each assert Medina's bad faith claims do not meet Rule 8 pleading standards. As an initial matter, the Court agrees—with respect to Medina's bad faith claims, the Medina Complaint is devoid of factual assertions that could "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Medina's bad faith claim is subject to dismissal for this reason alone.

In any event, Medina's bad faith claim appears to be based on the allegedly negligent inclusion of the dog-bite exclusion. And whether such allegations are sufficient to meet pleading standards or not, "negligent mistakes . . . are not a basis for a bad faith claim under Oklahoma law." *LeBlanc v. Travelers Home & Marine Ins. Co.*, No. CIV-10-00503-HE, 2011 WL 2748616, at *4 (W.D. Okla. July 13, 2011) (quoting *Nat'l Mut. Cas. Co. v. Britt*, 218 P.2d 1039, 1042 (Okla. 1950)) ("'It takes something more than mere mistake to constitute bad faith.'"); *see also Garrett v. Fairfield Ins. Co.*, No. 02-367-P, 2003 WL 23274567, at *10 (E.D. Okla. Oct. 22, 2003) ("Negligence, on the part of the insurer, will not support a claim for bad faith.") (citation omitted).

Furthermore, "[t]here are no Oklahoma cases which have concluded that the tort of bad faith encompasses non-claims related conduct—sales, pricing and *underwriting* practices." *Miller v. Farmers Ins. Grp.*, No. CIV-10-466-F, 2012 WL 8017244, at *14 (W.D. Okla. Mar. 22, 2012) (emphasis added). *See also Claborn v. Wash. Nat'l Ins. Co.*, 910 P.2d 1046, 1051 (Okla. 1996) ("[T]he conduct of the insurer and the agent in selling

and issuing the policy, cannot give rise to the tort of bad faith breach of an insurance contract."). "There is no bad faith when the insurer's denial of a claim is based on a legitimate dispute between the insurer and the insured." *Id.* (citation omitted). Medina has not adequately alleged any "bad faith" claims-handling practices by the insurance entities; at most, it alleges they were negligent in writing its Policy and/or behaved improperly prior to the issuance of the Policy. Medina's claims fail for this reason too.

Accordingly, the Court concludes Medina has failed to state a claim for bad faith against the insurance entities because (1) it has failed to comply with Rule 8 and (2) its bad faith claims are based on negligent mistakes related to underwriting choices—neither of which, at least on this record, can the Court conclude sound properly in bad faith.[4]

And even if such claims *did* sound in bad faith, and Medina had adequately alleged them, "'an action based on the duty to deal fairly and act in good faith will not lie against a stranger to the contract.'" *Crabb v. CSAA Gen. Ins. Co.*, No. CIV-21-0303-F, 2021 WL 3115393, at *3 (W.D. Okla. July 22, 2021) (quoting *Hensley v. State Farm Fire & Cas.*

[4] Medina attempts to flesh out its claims in its Responses. For example, Medina argues its bad faith claims are based on the insurance companies' decisions to withdraw from defense of Medina in state court, thus leaving Medina exposed. But the Court "may not properly consider . . . new factual allegations [provided in a Response] on a Rule 12(b)(6) motion." *Wills v. Premier Trading & Transp., LLC*, No. CIV-21-246-G, 2022 WL 4775943, at *4 n.3 (W.D. Okla. Sep. 30, 2022); *see also Gee v. Pacheco*, 627 F.3d 1178, 1186 (10th Cir. 2010) ("Generally, the sufficiency of a complaint must rest on its contents alone.").

Though the Court dismisses Medina's bad faith claim in its current form, it makes no finding on whether such a claim may be plausible should Medina amend it to include sufficient allegations related to denial of coverage based on the allegedly unsigned exclusion or some other ground. If Medina wishes to amend its bad faith claim, it may seek leave to do so in accordance with the local rules and FED. R. CIV. P. 15.

*Co.*, 398 P.3d 11, 18 (Okla. 2017)). SES and ZAIC both argue they are strangers to the Policy and thus Medina cannot bring a bad faith claim against them at all.

The Policy (1) identifies SES as the broker/producer, (2) includes ZAIC's logo, and (3) references ZAIC multiple times.[5] *See* Doc. No. 59-1. However, the Policy clearly states Steadfast is the entity actually providing the insurance. *See id.* at p. 4. "Factual allegations that contradict . . . a properly considered document are not well-pleaded facts that the court must accept as true." *Matney v. Barrick Gold of N. Am.*, 80 F.4th 1136, 1145 (10th Cir. 2023) (quotation omitted). And although a third-party stranger to an insurance contract may have a duty of good faith and fair dealing toward insureds where the third-party "acts so like an insurer that the third party develops a special relationship with the insured, and that third party possesses power, motive, and opportunity to act unscrupulously," *Crabb*, 2021 WL 3115393, at *3 (quotation omitted), Medina has failed to adequately plead the existence of any such exception.[6] Accordingly, when properly considering the Policy and Medina's allegations, Medina's claims for bad faith against SES[7] and ZAIC fail for the additional reason that Medina has not adequately pleaded they were parties to the Policy or that other reasons exist for applying the duty of good faith to them.

---

[5] "In addition to the complaint, the district court may consider documents referred to in the complaint if the documents are central to the plaintiff's claim and the parties do not dispute the documents' authenticity." *Jacobsen v. Deseret Book Co.*, 287 F.3d 936, 941 (10th Cir. 2002). The Policy is central to Medina's claims and there does not appear to be a dispute over its authenticity. The Court thus properly considers it when evaluating the Motions to Dismiss. *See* Doc. Nos. 59-1, 1-1.

[6] Though Medina argues that, during the claims-handling process, it fell under the impression that ZAIC was the entity handling the claim, such allegations are *not present on the face of the Medina Complaint* and the Court accordingly declines to consider them.

[7] Medina seems to concede it is not bringing a bad faith claim against SES anyway.

Accordingly, Medina's claims for bad faith against the insurance entities are DISMISSED without prejudice.

**III. Medina's Fraud Claims**

Medina alleges the insurance entities negligently included the dog-bite exclusion and "conspired" to defraud Medina by denying Medina coverage and causing Medina to pay higher premiums. The insurance entities assert Medina's fraud claims fail to meet Rule 8 and the heightened pleading standard for fraud claims under FED. R. CIV. P. 9(b), which requires parties to "state with particularity the circumstances constituting fraud." "[U]nder Rule 9(b), [] the pleader must allege the who, what, when, where, and how of the alleged fraud . . . the time, place, and contents of the false representation, the identity of the party making the false statements and the consequences thereof." *Israel v. Caliber Home Loans, Inc.*, No. CIV-24-1255-D, 2025 WL 1921268, at *3 (W.D. Okla. July 11, 2025) (quotation omitted).

> "The elements of actionable fraud are: (1) That defendant made a material representation; (2) that it was false; (3) that he made it when he knew it was false, or made it recklessly, without any knowledge of its truth and as a positive assertion; (4) that he made it with the intention that it should be acted upon by plaintiff; (5) that plaintiff acted in reliance upon it; and (6) that he thereby suffered injury." *State ex rel. Sw. Bell Tel. Co. v. Brown*, 519 P.2d 491, 495 (Okla. 1974).

*Land 2 Air Invs. LLC v. Flying CPA, LLC*, No. CIV-21-231-BMJ-JFJ, 2023 WL 7236833, at *2 (N.D. Okla. Sep. 19, 2023) (citation modified). Furthermore, "[w]here multiple defendants are alleged to have participated in fraud, the complaint must distinguish the actions of each defendant, offering fair notice of the grounds for the claims made against each defendant." *Lewis v. State Farm Fire & Cas. Co.*, No. 25-cv-00274-CVE-MTS, 2026

WL 687096, at *4 (N.D. Okla. Mar. 11, 2026) (citing *Robbins v. Okla. ex rel. Dep't of Hum. Servs.*, 519 F.3d 1242, 1250 (10th Cir. 2008)).

Medina has not pleaded that the insurance entities (1) made false, material misrepresentations (2) with the knowledge that they were false and (3) the intent that Medina act upon such misrepresentations. Nor has Medina distinguished the actions of the insurance entities with respect to its fraud claims. Medina's allegations of fraud accordingly fail to meet Rule 9(b) requirements.

Moreover, Medina's claims as pleaded do not seem to sound in actual fraud. The most coherent portion of the Medina Complaint focuses on the negligent inclusion of the dog bite exclusion by Steadfast, SES, and/or ZAIC.[8] Medina Compl. ¶ 5. But a claim for

---

[8] In its Responses to the various Motions to Dismiss, Medina belatedly attempts to clarify its claims as based on a "scheme to put standard risks in a surplus lines policy at a higher premium and thereby take advantage of a perceived exemption from Oklahoma insurance statutes and regulations." Doc. No. 60, at p. 4. The Medina Complaint does state Steadfast has admitted "the reason for [Medina's] allegation" is because Steadfast has conceded it is a "non-admitted insurer in Oklahoma, so it is not subject to potentially relevant Oklahoma Insurance Regulations." Compl. ¶ 23. Medina then implies that "the result" sought by the insurance companies would violate the Oklahoma Constitution. The Court assumes this "result" Medina complains of is the denial of coverage after Medina paid "higher premiums as a result of the policy being written as if it were a surplus lines policy." Medina Compl. ¶ 6.

Medina's allegations based on the "scheme" do not comply with Rules 8 or 9(b); they are vague, confusing, conclusory, and insufficient to put the parties on notice of the claims against them. "Neither the court nor [the insurance entities] should be required to guess as to which claims [Medina] presently asserts." *Huff v. BP Corp. N. Am., Inc.*, No. 22-CV-00044-GKF-JFJ, 2023 WL 6373117, at *4 (N.D. Okla. Feb. 27, 2023); *see also Boatright*, 477 F.3d at 1148 ("Rule 8 serves the important purpose of requiring plaintiffs to state their claims intelligibly so as to inform the defendants of the legal claims being asserted."). The Court will not consider factual allegations not included on the face of the Medina Complaint.

actual fraud requires "an intentional deception." *Sutton v. David Stanley Chevrolet, Inc.*, 475 P.3d 847, 853 (Okla. 2020). Yet the Medina Complaint indicates the dog-bite exclusion was "negligently" added to the Policy and characterizes it as a "mistake on the part of the broker and the two insurance companies." Medina Compl. ¶¶ 5, 8.

To the extent Medina attempts to bring a constructive fraud claim, "Oklahoma law does not recognize a cause of action for constructive fraud based on [] the insurer's handling of claims under an extant policy." *Lewis*, 2026 WL 687096, at *4 (citing *Parrish v. Liberty Mut. Ins. Co.*, No. CIV-22-0802-HE, 2022 WL 17083650, at *1 (W.D. Okla. Nov. 17, 2022)). "However, Oklahoma law does recognize the affirmative duty of an insurer to speak and disclose when an insurance agent selectively discloses facts that might create a false impression *at the time of the negotiation*; allegedly selective disclosure creates a duty that permits a litigant to claim constructive fraud as to the formation of the insurance contract." *Id.* (citations omitted). Generally, a duty of full disclosure arises where "a party selectively discloses facts that create a false impression." *Specialty Beverages, L.L.C. v. Pabst Brewing Co.*, 537 F.3d 1165, 1181 (10th Cir. 2008).

Medina asserts that it told its local agent, Thrive Insurance, that it wanted "appropriate coverage to protect" it. Medina Compl. ¶ 3. But Medina has not alleged that Thrive, or anyone else, made selective disclosures regarding coverage that might have given Medina any false impressions such that any entity had a duty of full disclosure related

---

For the reasons stated above, Medina has failed to state a claim related to any schemes based on Steadfast's status as a nonadmitted and/or surplus lines insurer.

to the dog-bite exclusion or any part of the Policy.[9] Medina has simply failed to state a claim for either actual or constructive fraud, and thus its claims of fraud against the insurance entities are DISMISSED.[10]

**IV. Medina's Conspiracy Claims**

"'A civil conspiracy consists of a combination of two or more persons to do an unlawful act, or to do a lawful act by unlawful means.'" *Allen v. Kay Lang*, No. CIV-16-296-RAW, 2017 WL 11578450, at *5 (E.D. Okla. Mar. 2, 2017) (quoting *Gaylord Ent. Co. v. Thompson*, 958 P.2d 128, 148 (Okla. 1998)). "To be liable for civil conspiracy, 'the conspirators must pursue an independently unlawful purpose or use an independently unlawful means.'" *Id.* (quoting *Gaylord*, 958 P.2d at 148). "The essential elements of civil conspiracy are: (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as the proximate result." *Clinton HMA, LLC v. Clinton Hosp. Auth.*, No. CIV-22-

---

[9] Medina relies on *Gentry v. Am. Motorist Ins. Co.*, 867 P.2d 468 (Okla. 1994), wherein the court agreed a constructive fraud had occurred where the insured specifically asked whether an insurance policy covered theft and his insurance agent neglected to inform him the policy excluded certain types of theft from coverage. When the insured later "suffered a loss [from theft that] he believed to be covered under the policy," the trial court appropriately reformed the contract to conform to the "representations of the parties." *Id.* at 472. Here, however, Medina has not made *any* allegations related to specific questions or beliefs he had related to what the Policy covered, nor has he alleged anyone incorrectly informed him of what the Policy would cover.

[10] The Court will also note that, "under Oklahoma law, 'a person signing an instrument is presumed to know its contents, and one in possession of his faculties and able to read and understand, and having an opportunity to read a contract which he signs, if he neglects and fails to do so, cannot escape its liability.'" *Hardrick v. David Stanley Dodge, LLC*, No. CIV-15-540-C, 2015 WL 13573979, at *2 (W.D. Okla. June 4, 2015) (quoting *Mayfield v. Fid. State Bank*, 249 P. 136, 136 (Okla. 1926)) (alteration omitted).

569-J, 2023 WL 5668016, at *7 (W.D. Okla. July 25, 2023) (citing *Schovanec v. Archdiocese of Okla. City*, 188 P.3d 158, 175 (Okla. 2008)).

As discussed above, Medina has failed to plead its claims for fraud and bad faith. Medina has thus failed to plead the existence of an underlying unlawful act. Because no underlying unlawful acts have been adequately alleged, to the extent Medina attempts to bring claims for conspiracy against the insurance entities, such claims are DISMISSED.

**V. Medina's Allegations of Negligence**

To the extent Medina attempts to bring negligence claims against the insurance entities, such allegations fail. "Mere negligence does not give rise to a claim by an insured against its insurer." *Burton v. Progressive N. Ins. Co.*, No. CIV-10-921-W, 2010 WL 4167392, at *3 (W.D. Okla. Oct. 21, 2010) (citing *Badillo*, 121 P.3d at 1094). Medina does not dispute this point or meaningfully address negligence in its Responses. Thus, in the absence of persuasive argument or authority to the contrary, claims of negligence by Medina against Steadfast fail. The same could arguably be said for ZAIC, whom Medina claims is also its insurer and/or handled Medina's insurance claim.[11] *See First Mercury Ins. Co. v. McNellie's Grp., LLC*, No. 10-CV-109-GKF-TLW, 2011 WL 165378, at *2 n.4 (N.D. Okla. Jan. 18, 2011) (citing *Lewis v. Farmers Ins. Co., Inc.*, 681 P.2d 67, 69 (Okla. 1983)) ("Oklahoma law is clear that a negligence claim will not lie against an insurer for its handling of, or failure to pay, a claim under an insurance policy.").

In any event, to the extent Medina is bringing negligent procurement and/or

[11] In stating thus, the Court does *not* make a finding on whether or not ZAIC (or SES) actually is, or could be considered, Medina's insurer.

negligent underwriting claims against the insurance entities, such claims also fail. When procuring insurance, agents have a duty to "offer coverage mandated by law and coverage for needs that are disclosed by the insureds, and this duty is not expanded by general requests for 'full coverage' or 'adequate protection.'" *Dye v. Allstate Vehicle & Prop. Ins. Co.*, 26-CV-0001-CVE-MTS, 2026 WL 1815986, at *4 (N.D. Okla. June 24, 2026) (quoting *Rotan v. Farmers Ins. Grp. of Cos., Inc.*, 83 P.3d 894, 895 (Okla. Civ. App. 2003)) (quotation marks omitted); *see also Dabbs v. Shelter Mut. Ins. Co.*, No. CIV-15-148-D, 2015 WL 5730569, at *3-4 (W.D. Okla. Sep. 30, 2015) (the insured's claims of negligent procurement/underwriting failed because she did "not allege that the amount of coverage was not what she had requested"). Medina has only pleaded that it asked Thrive for "appropriate" coverage. Accordingly, Medina has failed to plead it requested specific coverage from any entity, much less SES, Steadfast, or ZAIC, and thus has failed to allege the type of coverage provided was not what it requested. Thus, to the extent Medina brings negligence claims, those claims are DISMISSED.

## VI. Medina's Claims for Reformation

Medina asks this Court to reform the Policy to remove the dog-bite exclusion.

Generally, reformation requires:

> "(1) [an] instrument representing an antecedent agreement which should be reformed, (2) mutual mistake or mistake by one party and [fraud or] inequitable conduct on the part of the other, which results in an instrument that does not reflect what either party intended, and (3) proof of these elements by clear and convincing evidence."
>
> *Thompson v. Est. of Coffield*, 894 P.2d 1065, 1067-68 (Okla. 1995); *see also Evans v. Hartford Life Ins. Co.*, 704 F.2d 1177, 1180 (10th Cir. 1983) ("Even where a prior agreement is established, the party seeking reformation must

> also prove that the written instrument differs because of mutual mistake or fraud."). [Medina] does not have to prove these elements to avoid dismissal pursuant to Rule 12(b)(6), but it is required to allege facts sufficient to show a plausible claim for relief.

*Cigar Box, LLC v. Houston Specialty Ins. Co.*, 685 F. Supp. 3d 1269, 1279 (W.D. Okla. 2023) (citations modified).

As an initial matter, Medina has failed to allege the existence of any prior instrument representing an antecedent agreement from which the at-issue Policy differs. "An *agreement* must have been reached; a court will not reform an insurance contract to 'conform to the parties' negotiations or haphazardly expressed intentions.'" *Evans*, 704 F.2d at 1179; *see also Suburban Realty Co., Inc. v. Cantley*, 495 P.3d 1205, 1211 (Okla. Civ. App. 2021) ("There must exist a preliminary agreement, a prior contract, either written or verbal, by which to make the rectification, or to which the instrument can be conformed.") (citation and quotation marks omitted). Medina has not pleaded the existence of any prior agreement or even that it expressed anything related to a dog bite exclusion or specific areas of coverage needed during the negotiation process. The Court "will not 'rewrite' a contract simply because it has become less favorable to" Medina. *Amundsen v. Wright*, 240 P.3d 16, 21 (Okla. Civ. App. 2010) (citing *Okla. Oncology & Hematology P.C. v. U.S. Oncology, Inc.*, 160 P.3d 396, 947 n.22 (Okla. 2007)). Medina's reformation claim fails for this reason alone.

Moreover, "[a] party claiming mutual mistake must show . . . a mutual mistake as a result of which the writing reflects something neither party intended." *Cigar Box*, 685 F. Supp. 3d at 1279-80 (quotations omitted). Though Medina characterizes the inclusion of

the dog-bite exclusion as a "mistake" or the result of "negligence," the Medina Complaint does not adequately plead that it was an action taken by an insurance entity that resulted in something the insurance entity did not intend. Because Medina "does not [adequately] allege that neither party intended for the exclusion[] to be included in the Policy," the Court finds Medina's reformation claim also fails for this reason. *Id.*

Furthermore, Medina has failed to adequately allege any "fraud or inequitable conduct in connection with a unilateral mistake." *Id.* at 1280 (because exclusions were contained in an insurance policy when it issued, and there were no contrary allegations regarding when such exclusions were added, the insured failed to plausibly allege fraud or inequitable conduct sufficient to state a reformation claim). Notably, the *Cigar Box* Court rejected the insured's claim that it "understood from" its insurer that the policy would protect the insured from certain types of lawsuits because the insured "offer[ed] no facts regarding the basis for that understanding." *Id.* The Medina Complaint suffers from the same deficiencies because Medina has failed to make any allegations regarding the basis for its understanding that certain types of dog bites would be covered under the Policy.

Medina has failed to plausibly allege its reformation claim and therefore this claim is DISMISSED.

## VII. Medina's Request for a Declaration of Coverage

Medina asks this Court to declare that Steadfast should provide coverage of the Sprowl lawsuit pursuant to the Policy. Steadfast asserts this is an unnecessary mirror-image counterclaim because Steadfast, in initiating this declaratory judgment action, requests this Court to declare Steadfast has no such coverage obligations. Steadfast asserts that if it loses,

it will be because there *is* coverage under the Policy.

Medina does not meaningfully address this issue, instead stating the Court can address this issue by making "the first filed Declaratory Judgment action the surviving case in the consolidated federal court cases." Doc. No. 46, at p. 11. The Court understands Medina to be referencing the ZIC Case, which, upon the agreement of the parties, was *dismissed*—not consolidated with this one.[12] In the ZIC case, Medina sought a declaration that coverage is afforded to Medina under the same Policy currently at issue in this case and with respect to the Sprowl Lawsuit.

In the absence of persuasive argument or authority to the contrary from Medina, the Court agrees with Steadfast that Medina's request for a declaration of coverage is an unnecessary mirror-image counterclaim. Medina's declaratory judgment counterclaim "mirror[s Steadfast's] complaint and seek[s] adjudication of nothing that will not, of necessity, flow from the adjudication of the merits of [Steadfast's] complaint." *Essex Ins. Co. v. Johnson's Wreckers & Salvage, Inc.*, No. CIV-12-1312-F, 2013 WL 12370718, at *6 (W.D. Okla. June 28, 2013) (dismissing insured's counterclaims seeking a declaration that they were owed a defense and covered by liability coverage because such a request mirrored the complaint, in which the insurer sought a declaration on insurance coverage

---

[12] The Court reiterates the agreement reached at the December 17, 2025, status conference, which included the parties to this case and the ZIC Case. See Doc. No. 34; the ZIC Case, Doc. No. 35. *Neither the Court nor the parties agreed to consolidate the two cases.* Instead, all parties agreed ZIC and Thrive would be dismissed from the ZIC Case—resulting in the closure of the ZIC Case. Medina agreed that should it wish to assert additional claims against Steadfast or other parties, it would do so in this case in the form of a Motion to Assert Counterclaims or Third-Party Claims. See Doc. No. 34; the ZIC Case, Doc. No. 35.

issues).

Furthermore, Medina has already (1) stated, as an affirmative defense, "that whichever insurance company issued and accepted [] premiums for liability coverage should defend and pay the claim," (2) asked the Court to "reform the policy to remove the exclusion erroneously included in the policy," and (3) requested that this Court "enter judgment that the claims described in the complaint are covered" [Medina's Answer, Doc. No. 21]. Thus, Medina's repeated requests that this Court "reform the policy to remove the exclusions" and declare that "the policy issued to Medina affords coverage for the claims asserted in the underlying state court lawsuit; that the companies owe a duty to defend Medina," Medina Compl. ¶¶ 8-9, are "redundant to [Medina's] previously asserted affirmative defenses." *Peterson v. USAA Life Ins. Co.*, No. 17-cv-01514-CMA-KMT, 2017 WL 10619943, at *3 (D. Colo. Dec. 27, 2017); *see also* FED. R. CIV. P. 12(f) ("The court may strike from a pleading . . . any redundant, immaterial, impertinent, or scandalous matter."). Accordingly, Medina's mirror-image request for declaratory relief is DISMISSED.

**CONCLUSION**

Accordingly, the Motions to Dismiss filed by Steadfast Insurance Company [Doc. No. 45], SES Insurance Brokerage Services [Doc. No. 58], and Zurich American Insurance Company [Doc. No. 59] are GRANTED.

IT IS SO ORDERED this 20th day of August, 2026.

David L. Russell

**DAVID L. RUSSELL**
**UNITED STATES DISTRICT JUDGE**